# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**HERRERA URDANETA ROGER**                              **PETITIONER**

**VERSUS**                        **CIVIL ACTION NO. 5:20-CV-62-KS-MTP**

**SHAWN GILLIS**                                        **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Herrera Urdaneta Roger's Petition for Habeas Corpus [1] and Respondent's Motion to Dismiss [7].  Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that that the Motion [7] be granted and the Petition [1] be dismissed as moot.

On March 12, 2020, Roger filed his Petition for habeas corpus asserting that he had been detained in immigration custody in excess of six months following a final removal order in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Petitioner requested to be released from custody under an order of supervision.  Pet. [1] at 15.

On April 20, 2020, Shawn Gillis filed his Motion to Dismiss [7].  Respondent argues that the Petition is moot because Petitioner was released from Immigration and Custody Enforcement ("ICE") custody under an order of supervision on March 25, 2020.  Mot. [7] at 1.  Petitioner has not replied or disputed the evidence showing that he was released on conditions of supervision and is no longer detained pending his removal.

Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his release into the United States on conditions of supervision,

1

which terminated his immigration detention.[1]  *Dien Thanh Ngo v. Johnson*, 2019 WL 3468909,

at \*2 (N.D. Tex. July 17, 2019) (release moots a § 2241 petition challenging continued detention

pending removal); *Jobe v. Barr*, 2019 WL 4879176, at \*2 (W.D. La. Sept. 3, 2019); *Chen v.

Cole*, 2016 WL 7670691, at \*1 (W.D. La. Aug. 23, 2016); *Juene v. Smith*, 2012 WL 827004, at

\*2 (W.D. La. Jan. 18, 2012); *Singh v. Mukasey*, 2009 WL 1097255, at \*1-2 (N.D. Tex. Apr. 22,

2009).  The Petition no longer presents a live case or controversy for purposes of satisfying

Article III, Section 2 of the United States Constitution.  Therefore, it should be dismissed as

moot.  *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (noting that a court lacks subject-matter

jurisdiction if a controversy is moot).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion

to Dismiss [7] be GRANTED and the Petition [1] be DISMISSED.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The

district judge at the time may accept, reject, or modify in whole or in part, the recommendations

of the magistrate judge, or may receive further evidence or recommit the matter to this Court

with instructions.  The parties are hereby notified that failure to file written objections to the

proposed findings, conclusions, and recommendations contained within this report and

---

[1]The undersigned recognizes that the Fifth Circuit has not specifically considered whether a habeas petition is mooted by the alien's subsequent release on supervision, but other circuits have so found.  *See Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012); *Alvarez v. Conley*, 145 F. App'x 428, 429 (4th Cir. 2005).

recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 5th day of May, 2020.

s/ Michael T. Parker

United States Magistrate Judge